IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-20-00269 |
| AKEEM ROSS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Akeem Ross' *pro se* Motion for a sentence reduction and for appointment of counsel (ECF No. 447). Defendant asserts that he is entitled to a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (*Id.*) The Office of the Federal Public Defender notified the Court that it will not be filing a supplement to Defendant's *pro se* Motion. (ECF No. 448.) The Court will deny the Motion.

Amendment 821, which was given retroactive effect, is a multi-part amendment. Part A limits the criminal history impact of "status points." Part B provides a mechanism for certain zero-point offenders (i.e., criminal defendants with no criminal history points) to obtain a reduction of their offense level. Part C allows for a downward departure if the "defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." However, "[a] departure below the lower limit of the applicable guideline range for Criminal History Category I is prohibited . . . unless otherwise specified." Defendant does not identify which portion of Amendment 821 is applicable to his case.

The Court has reviewed Defendant's Presentence Report ("PSR") (ECF No. 349) and the transcript of his sentencing hearing (ECF No. 444). According to the PSR, Defendant did not

receive any status points, so Part A is inapplicable. (ECF No. 349 at 8–10.) The PSR also indicates that Defendant had two criminal history points, so Part B is inapplicable as well. (*Id.*)

As to Part C, the PSR indicates that Defendant received at least one criminal history point from a sentence relating to a charge of possession of marihuana. (*Id.*) His second criminal history point related to a drug possession conviction, but the Probation Officer was unable to determine which drug was at issue. (*Id.* at 10). Even assuming that both sentences related to simple marihuana possession, the Court finds that a downward departure is not warranted because Defendant's current sentence is already a downward variance from the Guidelines range. Because of a firearms enhancement, Defendant's Total Offense Level was 29. (*Id.* at 8.) His Criminal History Category was II. (*Id.* at 10.) This resulted in a Guidelines range of 97–121 months of imprisonment. (*Id.* at 23.) However, because the Court found that the firearms enhancement overstated Defendant's connection to the firearm, the Court sentenced Defendant to 71 months' imprisonment, which was a downward variance. (ECF No. 444 at 54.) Even if the Court were inclined to grant a downward departure, the Total Offense Level would remain 29 and the Criminal History Category would be I. The Guidelines range would therefore be 87–108 months' imprisonment, and a departure below 87 months would be prohibited. *See* U.S. Sent'g Guidelines Manual § 4A1.3(b)(2)(A) (U.S. Sent'g Comm'n 2024). Thus, Amendment 821 does not require a reduction of Defendant's sentence.

Pursuant to 18 U.S.C. § 3582(c)(2), the Court has also reconsidered the 18 U.S.C. § 3553(a) factors and finds that they do not counsel in favor of a sentence reduction. Defendant was an active participant in a drug trafficking conspiracy in which significant quantities of fentanyl were seized. (ECF No. 349 at 5–6.) Defendant worked with his co-conspirators to distribute this dangerous drug throughout the City of Baltimore. (*Id.*) Although the Court continues to believe that

Defendant is not a violent person (*see* ECF No. 444 at 47), the Court also stands by its prior conclusion that this was a highly serious offense, which warrants the sentence that was originally imposed. Finally, the Court reiterates the observation it made at Defendant's sentencing regarding the need for general deterrence:

> [U]nder no circumstances would the Court have imposed a sentence of less than 71 months in this case, even if the sentencing guidelines had been computed differently, even if the Court had found that the appropriate guidelines range for the case was 70 to 87 months or even 63 to 78 months or even 57 to 71 months at Offense Level 25/Criminal History Category I, for the reason that the underlying offense itself has an inherent seriousness to it, especially in the context of what's going on in Baltimore, and particularly that district of Baltimore, that this penalty is warranted on general deterrence grounds.

(*Id.* at 55.) The Court sees no reason to disturb this finding now.

Accordingly, it is ORDERED that Defendant's Motion (ECF No. 447) is DENIED.

DATED this 7 day of October, 2025.

BY THE COURT:

James K. Bredar
United States District Judge