IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-20-00269** |
| **AKEEM ROSS,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Akeem Ross' renewed *pro se* Motion for a sentence reduction and for appointment of counsel (ECF No. 450). The Court will deny the Motion.

On September 25, 2025, Defendant filed a motion to reduce his sentence pursuant to the retroactive application of Amendment 821 to the United States Sentencing Guidelines. (ECF No. 447.) The Court denied that Motion. (ECF No. 449.) Defendant now renews the same request. (ECF No. 450 at 1.) He also seems to make two new arguments. First, he seems to contend that his criminal history score was incorrectly calculated because it included a sentence of probation before judgment (PBJ) in Maryland state court. (*Id.*) Second, he seems to argue that the Court wrongly added a two-point firearms enhancement to his sentence. (*Id.*) Neither of these arguments has merit.

To the extent that Defendant is merely asking the Court to reconsider its prior decision, the Court declines to do so. Defendant has presented no new evidence or argument explaining why Amendment 821 warrants a sentence reduction in his case. He also has provided no new evidence or argument that change the Court's analysis of the 18 U.S.C. § 3553(a) factors. Thus, the Court sees no reason to disturb either of these analyses from its prior Memorandum (ECF No. 449).

In his first new argument, Defendant urges the Court to consider that one of his criminal history points arose from a sentence of probation before judgment in Maryland state court, which he seems to claim was improper. It is unclear what procedural vehicle Defendant brings this claim under. Defendant did not appeal his sentence, which would have been the proper method to challenge its legal basis. Thus, at this juncture, Defendant's procedural options are limited. He may be attempting to argue that he should not have received this criminal history point and thus should be entitled to relief under Amendment 821, Part B. That provision allows for a sentence modification when a defendant receives zero criminal history points. But here, even if the PBJ was incorrectly included in Defendant's criminal history score, he received an additional criminal history point from a separate drug distribution conviction (ECF No. 34 at 8–9). Thus, he still would have had one criminal history point, so Part B of Amendment 821 is inapplicable. Alternatively, if Defendant is attempting to argue that the Court's analysis of the PBJ at sentencing was incorrect and this now constitutes an extraordinary and compelling reason for release pursuant to 18 U.S.C. § 3582(c)(1)(i), that argument is similarly unavailing. As was noted at Defendant's sentencing hearing, the Fourth Circuit has specifically held that PBJs should be considered as part of a defendant's criminal history score. (ECF No. 444 at 13); *United States v. Bagheri*, 999 F.2d 80, 82–83 (4th Cir. 1993); *see also United States v. Miller*, 992 F.3d 322, 325 (4th Cir. 2021) (reaffirming the principle announced in *Bagheri*).

Second, Defendant seems to contend that his total offense level wrongly contained a two-level firearms enhancement. Again, it is not clear what procedural vehicle Defendant brings this claim under. Regardless, the claim could not result in a reduction of his sentence because the Court recognized at sentencing that this enhancement, while correctly applied, overstated his connection to the firearm. (ECF No. 444 at 54.) Accordingly, the Court sentenced Defendant to

a downward variance which minimized the impact of this enhancement. (*Id.*) With the enhancement, his Guidelines range was 97–121 months. Without the enhancement, his Guidelines range was 78–97 months. The Court sentenced Defendant to 71 months. (ECF No. 370 at 2.) And as the Court noted in its prior Memorandum, "under no circumstances" would it have imposed a lesser sentence. (ECF No. 449 at 3 (quoting ECF No. 444 at 55).) Thus, Defendant would not be entitled to a sentence reduction even if the firearms reduction was wrongly applied and Defendant validly brought that claim.

Finally, the Court adopts the analysis of the § 3553(a) factors it made in its prior Memorandum issued just over one month ago. (*See* ECF No. 449 at 2–3.) There, the Court emphasized the seriousness of the offense and the need for general deterrence. (*Id.*) The Court's rationale is unchanged.

Accordingly, it is ORDERED that Defendant's Motion (ECF No. 450) is DENIED.

DATED this 20 day of November, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

3